Your Honor, may it please the Court, I am Joe Keefer, here on behalf of Mr. Juan Frias Orozco, the petitioner in this case, and I would also like to thank the Court for allowing me to then move the argument a little bit farther into the future so that I could deal with the conflicts I had. Mr. Orozco today requests that this Court remand the case back to the Immigration Judge for a full and complete consideration of his application for cancellation of removal. The Immigration Judge and then later the Board of Immigration Appeals had determined that Mr. Frias Orozco was ineligible for cancellation of removal because he purportedly had an aggravated felony, one of the three requirements for cancellation of removal, or at least consideration thereof. And the first two elements of that part of the test are not an issue here today. The issue really is whether Mr. Frias Orozco has an aggravated felony. And this is all based on a purported conviction in Arkansas in 2006. So there's no dispute that he suffered that conviction, correct? I'm sorry, Your Honor? There's no dispute that he suffered that conviction. Well, I agree that the government at the immigration hearing presented some evidence that Mr. Orozco had been convicted of an offense in Arkansas in 2006. And I'm not really challenging the merits of whether he was convicted. The real issue is whether that conviction satisfies the requirements under immigration law for an aggravated felony. But let me pursue Judge Frias's question a little further. If this matter were remanded to the immigration judge, would you contest the or at least as you stand here today, would it be your intention to contest the fact of the conviction? No, I don't believe so, Your Honor. And I think what would be at issue there is really his application for cancellation of removal and that discretionary review and getting a full and complete review of that. And I understand that the immigration judge claims to have done that review despite his finding that the Petitioner was ineligible for cancellation of removal. But in all honesty, I'm really not sure that he gave that a full and complete hearing once he had already decided that the Petitioner was not eligible. And what we're asking for today is to send that back for that full and complete hearing. The Board of Immigration Appeals did not render a decision about whether he was eligible for the or, excuse me, whether he should have the discretionary relief. So why is this a disqualifying conviction? Well, as laid out in the briefs, the issue really comes down to whether the evidence presented by the government sufficiently demonstrates that the Petitioner has such an aggravated felony. And when you look at the information that the government presented, which was an information, again, a charging document, which says right on the face of it, I accuse, and the information in the case law is very clear that what we're dealing with here is a conviction, not simply an accusation, but an actual conviction. What that does then is it takes us over to the judgment and disposition that the government presented at the immigration hearing. And when we look at that document, the problem we have is it's ambiguous. First of all, it cites a section that doesn't even exist under Arkansas law, unless there's some nuance to the Arkansas code system that I'm not familiar with. But it cites 5-64-401.7. Well, I cannot find a section within the Arkansas statute that is listed in that manner. If we take the analysis another step and we look at the definition or the name of the offense as cited in the government's brief, possession of controlled substance, marijuana with intent to deliver, as we analyze that under the Arkansas statute, it tells us that a person can be guilty of that offense dealing with a small amount of marijuana. Well, as we take that, and what I would say to the Court at this point is I think whether you use a categorical approach or a modified categorical approach, you get to the same result in this case. I believe ultimately in the analysis, Your Honor, it does come down to the definition of remuneration, which unfortunately isn't defined in any of the statutes at issue. Well, you know, not every word in the English language has to be defined by Congress. There is a dictionary. And understanding that, Your Honor, when I go back and I look at various dictionary definitions, it doesn't give us a consistent or constant definition for that term. Well, I've never had any doubt about what it meant, and I think most people don't. The problem we have, though, is when you take a definition of remuneration and you apply that back to the Arkansas statute, you don't necessarily get the same result. Remuneration in various dictionaries discusses the idea of compensation or pay, usually in the idea or concept of a wage. Well, I would say usually the idea of something in return for something else. Well, I mean, you know, look at the Latin root. It's munera, gifts. And re is give back. You get something, you give back it. The dictionary definitions that I went to looking at Black's Law Dictionary and some other sources really seem to tie it more to wages. And what you have in the Arkansas statute is a definition of delivery that talks about exchange for money or anything of value. So if a person says, hey, can you give me or get me some of these drugs, and if you do, I'm going to tell you you're the greatest person in the world, does that really constitute remuneration under the Federal statute? Is that something of value? I think it would apply and would satisfy the Arkansas definition of delivery, but I don't believe that is remuneration under the Federal statute or any reasonable dictionary definition. So I believe what it is. Why would it satisfy the Arkansas statute? Well, because it says for money or anything of value. So if it's of value to that person distributing or getting the drugs, for that other person to tell them you're the greatest person in the world, they've been. That's a real stretch. They've received something of that. And I think the problem is that you have such a broad definition in Arkansas which scoops up more conduct than is contemplated under the Federal statute. And that's exactly why we have these categorical and modified categorical approaches and exactly why you can't just take a State felony and say it's automatically a felony under the immigration laws or under the Federal criminal laws for immigration purposes. So the issue again is, even if we look at this as a categorical approach, we're going to go back and say, well, what are the elements? Well, first of all, can we even determine exactly what the elements are based on the disposition order that the government offered at the immigration hearing, which has a code section that doesn't appear to exist? Even if we're very liberal on that and we cut off the .7 and we just look at 5-64-401, now we run into these issues of how do we interpret what that statute criminalizes and says versus the Federal statute. And so whether we're looking at additional charging documents or whether we're looking at just the elements of the offense, we end up at the same place with remuneration. I would like to address one other issue. I did present to the government this morning some additional sites that I had found earlier this week. There were cases that you can leave those with the clerk, and the clerk will distribute those cases to us. Okay, Your Honor. They came up in the Second and Third Circuits, and they had results that would favor the Petitioner in this case, where remuneration in this particular section was found to be not an aggravated felony. You're talking about Martinez, I presume? Martinez and Evanson. Yes. Okay. The one last thing I'd say, because the government showed me a case this morning that they had, and I haven't had a chance to review that yet. There seemed to be a suggestion in that case that you can look back to the immigration hearing and the statements made at that hearing to determine whether the facts are there to prove an aggravated felony. And all I would say to the Court is that is completely inconsistent with any of the case law that I have reviewed. It all pretty clearly says there is a very narrowly defined set of documents or universal materials that may be reviewed even under a modified categorical approach, and none of those include post-conviction statements, be them under oath or not under oath. So I'm not exactly sure what that case ultimately says, where it comes down, where it is in the appellate process. But my understanding of the law as it stands today is that even if you go to a modified categorical approach, you're dealing with a very narrow universe of documents, they're the ones maybe that the government offered at the immigration hearing, and those documents are ambiguous. And what the Court's opinion here in the Ninth Circuit said in Sandoval-Lua, the Petitioner, if it is even their burden to prove the negative of no aggravated felony, they satisfy that burden if the evidence offered in the case and in the record is inconclusive or fails to prove an aggravated felony. Thank you. Thank you. I'm sorry. I had been interested in reserving one minute of rebuttal, and I did that. Yes. You managed your time, and you hit it almost exactly, so you have about a minute left. If necessary, we'll give you a few more minutes. Ms. Clark. Your Honors, may it please the Court. My name is Catherine Clark, appearing on behalf of the government. The term delivery under Arkansas law requires remuneration. The Black's Law Dictionary definition of remuneration states that remuneration is payment, compensation. Payment is defined as performance of an obligation by the delivery of, quote, money or some other valuable thing. That almost exactly tracks the definition of delivery under arc of remuneration in the delivery definition in Arkansas Code Section 5-64-1017, which states Where's 1017? Where is 1017? It is the definition of delivery in Arkansas Code Section 5-64. And that definition states delivery. How can you be convicted of a definition? The delivery. No, I mean, that's the thing that sort of puzzled me, because in looking at the statutory section, it does define it. That's true. But that's not the substantive section, is it? The term deliver is used in 5-64-401A, which is why we refer to the delivery definition under 5-64-1017. So what you're saying is that in the judgment of conviction, where it says offense, ACA of offense 5-64401.7, you're saying that refers to the definition? No. We concede that the .7 offense does not exist. The name of offense line in the judgment and disposition order is the relevant line. It shows that the subsection at issue is 5-64-401A, and that is the subsection that contains. Now, where are you in the judgment? I'm sorry. The judgment, the first page of the judgment and disposition order, that middle section, right below where it says ACA number of offense, there's a line for name of offense. And it says possession of a controlled substance. I see the name of offense, but you don't have 401A listed in the judgment of conviction, right? Not the number directly, but that name of offense could only refer back to 401A within section 5-64-401. There's no other matching provision in Arkansas law. So that is the line that allows determination. The best I could do to figure out was if you go to 5-64-401D, 3A, 5-double-I, marijuana, one ounce of marijuana is a presumption of delivery. Creates a presumption of delivery. So the 7, that's where I thought they might have gotten the 7 from. For the ‑‑ essentially the judgment and disposition order does not clarify where the .7 comes from. Right. It may have ‑‑ it's the name of offense line that then refers clearly back to, that clears up all that ambiguity and refers back to 401A. Right. I mean, 401 is a big statute. It's got cleanup liability. It's got all sorts of other things in it. It has presumptions. How do we know from the face of the judgment what they really intended to, what he was really convicted of? The court has, and this is the case that Petitioner's Counsel was mentioning that I showed to him this morning and can distribute to the clerk for distribution to the court. I was not intending to use that case for introduction of testimony. And I mentioned to Petitioner's Counsel that the case, Anaya Ortiz, from this court addresses the use of abstracts of judgment. And in Anaya Ortiz, the court looked to a name of offense in an abstract of judgment to clarify which subsection the ‑‑ or which portion of the statute was relevant to Petitioner's conviction. And that was under the modified categorical approach. The ‑‑ But if we get to the modified categorical approach, if we get down that far, don't we have to remand and let the IJ do the analysis? The review is de novo, so the court does not have to remand. And the court, of course, can remand and permit that ‑‑ and permit the analysis, the agency to conduct that analysis. But that's your analysis, not the analysis of the IJ, right? It is the ‑‑ it is the analysis that the record supports, and ‑‑ Well, your argument is based on the record. I understand that. But the IJ didn't make any determination that the title controlled, right? The immigration judge did not conduct a modified categorical analysis. But the board did ‑‑ both the board and the IJ cited heavily to the name of offense line. And so it is not without basis in the agency decision to go to that name of offense line and refer back to 5-64-401A. It is both with basis in the agency decision and with basis in the court's law in Anaya Ortiz. And ‑‑  If you don't mind, I'd like to turn to a different issue. Although, if you want to finish your thought, I don't want to interrupt you. We can proceed. Whatever issue the court would like me to address. Well, there's a broader question, I guess. Again, there's a circuit split. You concede on the question of whether a conviction without remuneration constitutes or categorically constitutes a qualifying offense, right? The second circuit is held otherwise. The first circuit is gone one way. The third is gone along with the second, right? Whatever the nature of the circuit split, there is remuneration at issue here. Right. That's the second question. The first question, we have a circuit split on that issue, right? I would not want to concede that there is a circuit split. Do you think Martinez can? Because I just ‑‑ because I was just presented with Martinez, I did read it. I understand that that seems to be a possibility, but I do not want to concede that at this point, having just read the case. Okay. That's fair enough. Assuming for the sake of argument that there's a circuit split on this, I guess your position is that it doesn't matter because it clearly is an element of the Arkansas statute. It is clearly an element of 401A, and that is Petitioner's conviction in this case. The court in this case need not decide whether, absent remuneration, the 401 ‑‑ the 841B4 issue would come into play because here there is a remuneration requirement in Petitioner's conviction. If we were to conclude hypothetically that we're not sure about that under the statute, what should we do? The ‑‑ in that case, the court would need to remand to the immigration judge for application, particularly in light of matter of ARUNA, because the board has spoken on cases involving this issue since the agency issued its decision. However, it is quite clear from the judgment and disposition order that remuneration is involved because that judgment and disposition order refers directly back to 401A. And again, 401A refers to the term delivery, and delivery almost ‑‑ the definition of delivery contains language that almost exactly tracks the Black's Law Dictionary definition of remuneration, money or anything of value versus money or some other valuable thing. There's simply no meaningful difference between those two phrases. And, therefore, Petitioner's statute of conviction necessarily involves remuneration. And his conviction is, therefore, punishable as a felony and is not eligible for that misdemeanor exception in 841B4. It's punishable as a felony under the CSA, and, therefore, under Lopez, it is an aggravated felony that renders him ineligible for cancellation of removal. If the Court has no further questions. Any further questions? No. Thank you for your argument. Thank you. Your bottom. Your Honor, kind of working backward from your last question about what the Court should do, I think the problem we're going to have here is if it's sent back for some type of fact-finding, the government's evidence is basically already in, and it is what it is. So I wouldn't believe that they could come in and try to supplement and prove more facts now at this point to show that this falls within a Federal felony-type conviction. The issue is what does remuneration mean? The Court can decide that as a matter of law. And if it's determined that the Arkansas statute isn't identical to remuneration in the Federal statute, then I think the case goes back for a complete review of the discretionary cancellation of removal application. Obviously, the Petitioner would like it sent back for any type of review other than him being removed from the United States. On the name of the ---- what I'd like to just come back to is the circuit split. I agree that it's there. I think the issue is ambiguity. And there is a rule of leniency, and I know that it depends on a reasonable construction of the statute. But still, when things are unclear, they should be resolved in favor of the Petitioner or the immigrant, just like a criminal defendant. And that rule is cited in Taylor and other cases and I think should be applied here based on the evidence of the government. Thank you, counsel. The case just will be submitted. I want to thank you again both for your efforts, and I know you both traveled a long way to get here today. So, again, thanks to the Court, and we will be in recess. Thank you.
judges: Noonan, Thomas, Paez, Cjj